# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br>         **Plaintiff,** <br>     **vs.** <br><br> **ANUSH DAVTYAN,** <br>         **Defendant.** | **Case No.: SA CR 11-0205-DOC** <br><br> **ORDER DENYING MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) [118] [124]** |

Before the Court is Defendant Anush Davtyan's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) ("Mot.") (Dkt. 124). Having considered the Motion and the government's opposition, the Court hereby DENIES Defendant's Motion.

**I. Background**

On September 11, 2012, Defendant pled guilty to conspiracy to possess with intent to distribute and distribute a controlled substance in violation of 21 U.S.C. § 846. Minutes of Change of Plea Hearing (Dkt. 57). On May 2, 2013, this Court sentenced Defendant to 168 months of imprisonment. Judgment & Commitment, May 2, 2013 (Dkt. 73). The Court adopted the Probation Office's recommendation on the advisory sentencing guidelines: 168 to 210 months, based on a total offense level of 33 and a criminal history category of III. Statement of Reasons, May 8, 2013 (Dkt. 75); Presentence Report ("PSR") (Dkt. 61), at 3. The total offense level was calculated based on a base offense level of 32, plus two levels for an aggravating role, plus two levels for obstruction of justice, minus three levels for acceptance of responsibility. The

base offense level was based on the fact that the offense involved 261.16 grams of oxycodone, or the equivalent of 1,749.705 kilograms of marijuana. PSR at 8-10. At the time, the U.S. Sentencing Guidelines provided for a base offense level of 32 for drug offenses involving between 1,000 and 3,000 kilograms of marijuana. U.S.S.G. § 2D1.1(c)(4) (2013).

On May 22, 2013, in response to Defendant's request under Rules 32 and 35 of the Federal Rules of Criminal Procedure for a court ruling on disputed portions of the Presentence Report and a statement of reasons, the Court held a hearing at which the Court determined that the Defendant's criminal history category was overstated and departed downward from criminal history category III to criminal history category I. Minutes, May 22, 2013 (Dkt. 82). Accordingly, the Court imposed an amended sentence of 135 months of imprisonment. Amended Judgment, May 22, 2013 (Dkt. 84).

On January 26, 2015, Defendant filed a *pro se* application for a two-level sentence reduction under Amendment 782 to the United States Sentencing Guidelines (Dkt. 118). Once she retained her current counsel, the Court set a new briefing schedule. Her counsel filed the instant Motion on May 28, 2015 (Dkt. 124). The government opposed Defendant's Motion on July 10, 2015 (Dkt. 128). Defendant has not filed a reply brief.

**II. Legal Standard**

Generally, a federal court cannot modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). One exception to the rule is that district courts may modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) requires a two-step inquiry. *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, the district court must determine that a modification is consistent with applicable policy statements issued by the Sentencing Commission, namely U.S.S.G. § 1B1.10. Only once this has been established does the district court go on to the second step of considering the factors set forth in 18 U.S.C. § 3553(a) and deciding in its discretion whether the authorized reduction is warranted. *Id.* at 827.

Amendment 782 to the United States Sentencing Guidelines, colloquially known as the "Drugs Minus Two" amendment, became effective on November 1, 2014. The Amendment revised the guidelines applicable to drug-trafficking offenses by reducing the base offense levels assigned to some but not all of the drug and chemical quantities listed in the Drug Quantities Tables at U.S.S.G. §§ 2D1.1 and 2D1.11. *See* U.S. Sentencing Guidelines Manual app. C, amend. 782 (2014); *see also* U.S.S.G. § 1B1.10(d), (e)(1) (making Amendment 782 apply retroactively to previously-sentenced defendants).

When determining whether a reduction is warranted under an amendment such as Amendment 782, the district court must determine what the defendant's advisory guideline range would be under the amendment. U.S.S.G. § 1B1.10(b)(1). When determining whether a reduction is warranted, the district court must determine what the defendant's advisory guideline range would be under the amendment. In doing so, the district court "shall substitute only the amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.* § 1B1.10(b)(1). Eligibility for a § 3582(c)(2) reduction is triggered only if an amendment lowers the "applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined *before consideration of any departure provision in the Guidelines Manual or any variance*)." *Id.* cmt. n.1(A) (second emphasis added).

The court is not authorized to reduce a defendant's term of imprisonment if an amendment does not have the effect of lowering the defendant's applicable guideline range. *Id.* § 1B1.10(a)(2)(B), cmt. n. 1(A). The court also cannot reduce the defendant's sentence lower than the low end of the amended guideline range. *Id.* cmt. n.3. The only exception is if the defendant received a downward departure based on substantial assistance to the government, in which case the court may reduce the defendant's sentence below the low end of the amended guideline range by a comparable percentage. *Id.*

### III. Discussion

Here, it is undisputed that, under Amendment 782, the base offense level provided in the Drug Quantities Table for the equivalent of 1,749.705 kilograms of marijuana is now 30 rather than 32. Thus, keeping in place all of the other adjustments to Defendant's base offense level, her total offense level today would be 31 rather than 33.

The government argues that the change to the base offense level wrought by Amendment 782 nevertheless does not mean that Defendant's sentence should be reduced to less than 135 months. Because her criminal history category is still III, the government argues, her advisory guideline range under Amendment 782 is 135-168 months. Since Defendant already has a 135-month sentence and the Court cannot reduce her sentence below the low end of the amended guideline range, Defendant's sentence cannot be reduced below 135 months.

Defendant argues, on the other hand, that her criminal history category is I, and thus, with a new total offense level of 31, her advisory guideline range under Amendment 782 should be 108-135 months, and thus her sentence should be reduced to 108 months.

The question of whether Defendant's criminal history category should be considered III or I depends on whether the Court's May 22, 2013 ruling imposed a departure or variance from criminal history category III to I or if it was a correction of the original finding of criminal history category III. The Court addressed this issue explicitly in its May 22, 2013 minute order, where it described the change from III to I as a "downward departure." Minutes, May 22, 2013 (Dkt. 82), at 2.

Accordingly, under U.S.S.G. § 1B1.10(b)(1), when considering what Defendant's advisory guideline range would be under Amendment 782, the Court must ignore the downward departure to criminal history category I and use criminal history category III instead. Thus, the Court agrees with Defendant that the advisory guideline range under Amendment 782 would be 135-168 months. Under U.S.S.G. § 1B1.10(b)(2), the Court cannot reduce the sentence to a term less than the low end of the amended guideline range based on a downward departure except in the case of substantial assistance, which is not applicable here. Since Defendant was already

sentenced to 135 months, her sentence could not be reduced any lower under Amendment 782. Thus, no sentence reduction is merited.

### IV. Disposition

For the reasons discussed above, the Court DENIES Defendant's Motion.

*David O. Carter*

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Dated: August 18, 2015